CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 1 0 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RANDALL LEE STACEL, #348265<br>    Petitioner, | Civil Action No. 7:07cv00026 |
| v. | **MEMORANDUM OPINION** |
| VIRGINIA STATE DEPARTMENT<br>OF CORRECTIONS,<br>    Respondent. | By: Hon. James C. Turk<br>Senior U.S. District Judge |

Petitioner Randall Lee Stacel, a Virginia inmate proceeding pro se, has filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Stacel challenges the validity of his convictions in the Circuit Court of Pittsylvania County. This action is presently before the court on respondent's motion to dismiss. For the reasons set forth below, the court will grant respondent's motion.

## BACKGROUND/FACTS

On July 14, 2005, Stacel was convicted in the Circuit Court of Pittsylvania County of communicating a threat to burn a building and of arson of an unoccupied building, and was subsequently sentenced to a total term of imprisonment of twenty years with five years suspended. Stacel appealed his convictions to the Court of Appeals of Virginia, citing two grounds.[1] On February 27, 2006, his appeal was denied as the Court of Appeals found no reversible error by the trial court. That decision was adopted by a three-judge panel on April 25, 2006. Stacel pursued no further direct appeal to the Supreme Court of Virginia nor did he file a petition for writ of habeas corpus in any state court.

Stacel timely filed the instant appeal on January 22, 2007. The petition consists of the

---

[1] Stacel alleged that certain pieces of evidence were improperly admitted at trial, and that the evidence was not sufficient to prove that Stacel burned the building intentionally.

following two claims:

>   (1)   Stacel is not guilty of communicating a threat to burn a building.
>
>   (2)   Stacel is not guilty of maliciously burning an unoccupied building, inasmuch as the burning was not done with malice or premeditation.

Respondent moved to dismiss Stacel's petition on March 12, 2007, arguing primarily that the claims are unexhausted and procedurally defaulted. Additionally, respondent contends that this court should give deference to the findings of fact made by the Court of Appeals of Virginia as they pertain to Stacel's claims.

## DISCUSSION

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim, here the Supreme Court of Virginia. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Stacel raised similar claims on direct appeal in the Court of Appeals of Virginia, but never raised the instant claims in the Supreme Court of Virginia on direct appeal or in a petition for writ of habeas corpus. Stacel has, therefore, not exhausted his state remedies as to either of his claims.

Typically, if a prisoner has failed to exhaust all the claims in his petition, the entire petition is subject to dismissal. See 28 U.S.C. § 2254(d)(2); see also Rose v. Lundy, 455 U.S. 509, 522 (1982); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). 28 U.S.C. § 2254(b)(1)(B) provides that a petition need not, however, be dismissed for lack of exhaustion if there is "an absence of available State corrective process." When state courts would refuse to review a claim based on the

2

petitioner's failure to comply with state procedural rules, this creates "an absence of available State corrective process." See Teague v. Lane, 489 U.S. 288, 298 (1989). Since Stacel failed to raise his claims on direct appeal, they would now be barred from review in state court pursuant to the appellate default rule of Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974). Thus, the claims are defaulted for the purposes of federal habeas corpus. See Bassette v. Thompson, 915 F.2d 932, 936-37 (4th Cir. 1990). As Stacel's claims would now be barred from review in state court, there is an absence of available state corrective process and, therefore, this court deems the claims exhausted, but also procedurally defaulted. See Teague, 489 U.S. at 297-99.

Federal review of the claims is precluded unless Stacel can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law" or "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 749 (1991); see also Teague, 489 U.S. at 288; Fisher v. Angelone, 163 F.3d 835, 844-45 (4th Cir. 1998). Stacel makes no such demonstration.

Generally, a petitioner can demonstrate cause by showing that some "objective factor external to the defense" impeded his efforts to comply with the State's procedural rules. Strickler v. Greene, 557 U.S. 263, 283 n.24 (1999)(quoting Murray v. Carrier, 477 U.S. 478, 488 (1996)). Neither his petition nor his response contain any contentions that any cause exists excusing his failure to raise the claims on direct appeal. Accordingly, this court finds that Stacel has not demonstrated cause sufficient to excuse his procedural default.

A petitioner may also excuse a procedural default by establishing that failure to consider the claim would result in a fundamental miscarriage of justice. A fundamental miscarriage of justice is the functional equivalent of "actual innocence." See Edwards v. Carpenter, 529 U.S. 446, 451

3

(2000); Weeks v. Angelone, 176 F.3d 249, 269 n. 11 (4th Cir. 1999). In order to demonstrate actual innocence, Stacel must show that, if new reliable evidence were introduced, it is more likely than not that no reasonable juror would convict him. Schlup v. Delo, 513 U.S. 298, 324-37 (1995); Royal v. Taylor, 188 F.3d 239, 243-44 (4th Cir. 1999). The court must evaluate the credibility of any new evidence alleged by Stacel, and then consider the new evidence in conjunction with the trial record and other available evidence. See Royal, 188 F.3d at 244; O'Dell v. Netherland, 95 F.3d 1214, 1250 (4th Cir. 1996), aff'd, 521 U.S. 151 (1997).

After reviewing of Stacel's petition and response, this court finds that he offers no new evidence at all, let alone any reliable evidence, that would serve to undermine his convictions. In his response to respondent's motion to dismiss, Stacel concedes that he had an argument via cellular telephone with Charlie Ryan, the owner of the burned house, over money owed to Stacel, and that Stacel was "furious." He further concedes that he "let hisself [sic] get so angry and out of control" that he "saw red" before entering Ryan's house and setting the fire. The evidence at trial showed that Stacel lived in a shop owned by Ryan that is located approximately 300 feet from the site of the fire. The trial record further shows that Fire Marshal Steven Bowman entered the shop and found a gas stove with both oven doors opened wide, the gas turned all the way on, and a smell of LP gas. Upon investigation of the shop with a gas monitor, Bowman determined that there was a "hazardous atmosphere" inside the structure. Furthermore, Bowman found a tripod light fixture plugged into the wall with a lens broken out, serving to expose the hot light filament to the hazardous atmosphere. Moreover, a witness who was riding in a car with Stacel when he was on the telephone with Ryan, testified at trial that Stacel said "[i]f you don't give me money, I'll burn your f–ing house down." Upon consideration of Stacel's pleadings in conjunction with the trial record, I find that a reasonable

juror could have convicted Stacel of both charges and, therefore, he has not made a showing sufficient to satisfy the actual innocence standard stated in Schlup. Accordingly, this court concludes that Stacel fails to demonstrate a "fundamental miscarriage of justice" so as to excuse his procedural default.

Since Stacel has demonstrated neither cause for his default nor actual innocence, this court finds his claims to be procedurally defaulted. Accordingly, claims (1) and (2) must be dismissed.

Moreover, even assuming arguendo that Stacel could excuse his procedural defaults, his claims still would fail under Jackson v. Virginia, 443 U.S. 307, 324 (1979). When reviewing the sufficiency of the evidence on a federal habeas petition, Jackson states that, "in a challenge to a state criminal conviction brought under 28 U.S.C. § 2254 . . . the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." The Court of Appeals of Virginia found that the record evidence adduced at trial showed that:

> The Commonwealth presented evidence that [Stacel] threatened to burn down Ryan's home and that approximately thirty minutes after Ryan received this threat, Adkins found Ryan's home in flames. Furthermore, Stacel admitted he returned to the shop after speaking with Ryan on the night of the fire, and admitted that he used the gas stove at that time. When fire department personnel responded, they found the gas turned on in the shop, both oven doors wide open, and a broken out light fixture plugged into the wall. Such evidence suggested Stacel had taken deliberate steps that evening to act on his threat to set fire to his former employer's property. Finally, while [Stacel] asserted that he left Ryan's house after collecting his possessions, Myers testified that Stacel told him he was present at the scene when the fire started, and described the fire as "funny."

Based upon the record evidence, this court finds that a rational trier of fact could have found proof of guilt beyond a reasonable doubt. Therefore, Stacel is not entitled to habeas corpus relief under Jackson. Accordingly, his claims must be dismissed.

5

## CONCLUSION

For the reasons stated, the court will grant respondent's motion to dismiss.

The Clerk is directed to send a copy of this Memorandum and Opinion and the accompanying Order to the petitioner.

ENTER: This 10th day of July, 2007.

*/s/ James C. Turk*
Senior U.S. District Judge

6